UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DEAN ALLEN COCHRUN, | 5:14-CV-05066-LLP |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| DARIN YOUNG; MARTY J. JACKLEY, ATTORNEY GENERAL, STATE OF SOUTH DAKOTA; | |
| Respondents. | |

## INTRODUCTION

Petitioner, Dean Allen Cochrun, ("Cochrun") an inmate at the South Dakota State Penitentiary, has filed a  pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has moved to proceed *in forma pauperis* (Docket 3) and has not yet paid the $5.00 filing fee.

Also pending are the following motions by Mr. Cochrun:  motion for access to the federal courthouse law library (Docket 5); motion for appointment of special public defender—Jane Pfeifle or someone equally competent (Docket 6); motion for appointment of counsel (Docket 7); motion for Trinity's Rule (Docket 8); motion to use fictitious name (Docket 10); motion to stay state court sentence (Docket 13); motion for polygraph examination (Docket 15); motion to consolidate cases (Docket 16); motion for discovery (Docket 17); motion for deposition (Docket 19); motion to bring in third-party respondent (Docket 20);

motion for extension of time to respond (Docket 26); motion for evidentiary hearing (Docket 27); and motion to amend (Docket 28).

The Respondents have filed a motion to dismiss or for a more definite statement (Docket 22) and a supporting brief with attachments (Docket 23).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated October 16, 2014.

## FACTUAL and PROCEDURAL HISTORY

The Court takes judicial notice of Cochrun's prior litigation history in both state and federal court as recited below.  See Hood v. United States, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court); Matter of Phillips, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (court of appeals may take judicial notice of district court filings).

Dean Cochrun is well known to this Court.  In the last several years, he has filed ten civil lawsuits in the District of South Dakota.  They are summarized below:

1.  Cochrun v. Hughes, 11-5097: Cochrun brought a civil rights action pursuant to 42 U.S.C. § 1983 against the Department of Social Services, several individual social workers, two states attorneys, two police officers, and a police department dispatcher.  He alleged the defendants conspired to violate his constitutional rights resulting in the loss of his parental rights.  The case was dismissed for failure to state a claim upon which relief may be granted.

2

2.   <u>Cochrun v. Weber</u>, 12-4071: Cochrun and several other South Dakota State Penitentiary inmates sued Warden Weber and other SDSP officials pursuant to 42 U.S.C. § 1983.  The Complaint alleged the Defendants failed to provide marriage and family counseling and failed to provide Cochrun with treatment for his depression.  The case was voluntarily dismissed by Cochrun.

3.   <u>Cochrun v. Sioux Valley Hospital, et. al</u>. 12-4068:   Cochrun sued Sioux Valley Hospital for medical malpractice because he was circumcised there as a child.  The Complaint was dismissed for failure to state a claim upon which relief may be granted.  The Eighth Circuit summarily affirmed the dismissal.

4.   <u>Cochrun v. Ashley</u>, 12-5022: Cochrun brought an alienation of affections lawsuit against Justin Ashley pursuant to SDCL 20-9-7.  The case was dismissed for failure to state a claim upon which relief may be granted. The Eighth Circuit summarily affirmed the dismissal.

5.   <u>Cochrun v. Chipowsky</u>, 12-5023: Cochrun brought a civil rights action pursuant to 42 U.S.C. § 1983 against his in-laws, Robin and Andrew Chipowsky.   Cochrun claimed his in-laws violated his civil rights in various ways pertaining to his relationship with his children and that the Chipowskys, not Cochrun, were guilty of the crime of kidnapping.  This lawsuit was dismissed for failure to state a claim upon which relief may be granted.  The Eighth Circuit summarily affirmed the dismissal.

6.   <u>Dean Allen Cochrun, Next Friend for Larry Dean Cochrun v. Robert Dooley</u>, 13-4065: Cochrun filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on behalf of his father, Larry Cochrun. Larry Cochrun claimed he was actually innocent of a 1991 rape conviction for which he had fully served his sentence.  This § 2254 was dismissed by the district court and the dismissal was affirmed by the Eighth Circuit Court of Appeals.

7.   <u>Cochrun v. Chipowsky</u>, 13-4092: In this case, styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Cochrun again sued his in-laws, Robin and Andrew Chipowsky.  He alleged  among other things that his in-laws conspired with state and federal agents to kidnap his children (TC and GC) from Cochrun and his wife Jamie by removing the children from their care, terminating their parental rights and by "falsely imprisoning Dean Allen Cochrun and Jamie Lynn Cochrun in violation of the United States Constitution. . ."  The case was re-characterized by the district court as a civil rights action pursuant to 42 U.S.C. § 1983, but dismissed for failure to state a claim upon which relief could be granted. The Eighth Circuit Court of Appeals summarily affirmed the dismissal.

8.   <u>Cochrun v. McDonalds, Inc.</u>, 14-5029:  In this suit, Cochrun sued McDonalds for what he claims were illegal employment practices which occurred during an unspecified time when he allegedly worked at a McDonald's in Spearfish, South Dakota.  His Complaint requested 100 million dollars in damages.   The case was voluntarily dismissed by Cochrun.

9.   <u>Cochrun v. United States</u>, 14-5040:  Cochrun brought this suit, styled as a Federal Tort Claims Act lawsuit, alleging the South Dakota Department of Social Services and the United States Department of Health and Human Services unlawfully interfered with his constitutionally recognized and protected liberty interests.  Specifically, he asserted the defendants conspired with his in-laws (the Chipowskys) and removed his and his wife Jamie's children from them "in violation of both state and federal kidnapping statutes as defined in 18 U.S.C. § 1201(a)(1)(b)(c)(d) and SDCL § 22-19-1(1)(2)(3)(4)(5)."  He claimed that for a variety of listed reasons, the guardianship and final disposition orders regarding he and Jamie's children were null and void, and that that as a result, he and his wife had been falsely arrested and imprisoned.  He requested ten million dollars in damages.  This lawsuit was dismissed for failure to pay the initial partial filing fee.  Cochrun's appeal to the Eighth Circuit remains pending.

10.  <u>Cochrun v. Young</u>, 14-5066:  This is Cochrun's instant habeas corpus suit pursuant to 28 U.S.C. § 2254.  In this suit, Cochrun ostensibly challenges his February, 2011 Judgment of Conviction for kidnapping. The procedural history underlying this conviction and the related state proceedings is further outlined below.

## A.   Conviction

In this § 2254 petition, Cochrun ostensibly challenges his 2011 first degree kidnapping conviction in Meade County, South Dakota.  <u>See</u> <u>State v. Cochrun</u>, Case No. 46C10000697A0, Fourth Judicial Circuit, Meade County, South Dakota.

In May, 2010, a final dispositional order was entered in Lawrence County, South Dakota which terminated Cochrun and his wife Jamie's parental rights to their daughter (TC).  <u>See</u> <u>State of South Dakota ex rel. TC v. Jamie and Dean Cochrun</u>, Juv. 08-97, Fourth Judicial Circuit, Lawrence County, South Dakota.

4

The Order terminating the Cochrun's parental rights to TC has never been appealed.   See Docket 23-11, p. 18.

Jamie also had a son from a previous relationship (GC).  That child was the subject of a guardianship proceeding, which resulted in the removal of the boy from Jamie and Cochrun's home.  See In Re Guardianship of GC, Gdn. No. 03-30, Fourth Judicial Circuit, Meade County, South Dakota.  Both children were placed in the care of their grandparents (Cochrun's in-laws), the Chipowskys.  On August 21, 2010, Cochrun and his wife entered the Chipowskys' home in the middle of the night and took the children without the Chipowskys' permission.  Cochrun and his wife were apprehended in Colorado and arrested.  They were charged in a two count Indictment with first degree kidnapping in violation of SDCL § 22-19-1(5) and parental kidnapping in violation of SDCL §§ 22-19-9 and 10.   Cochrun entered a plea of guilty to Count 1 (first degree kidnaping), and the trial court, the Honorable Warren Johnson, presiding, sentenced  Cochrun to 20 years in prison.

**B.     Direct Appeal**

Cochrun filed a direct appeal.  He raised the following issue on direct appeal:  (1) whether the totality of the circumstances sufficiently showed that he entered an intelligent and voluntary plea.  On November 21, 2011, the South Dakota Supreme Court summarily affirmed Cochrun's conviction.  State v. Cochrun,  806 N.W.2d 916 (S.D. 2011) (table).

**C.     State Habeas Petition**

On December 12, 2011, Cochrun filed a state habeas petition.  Counsel was appointed to represent him, and an evidentiary hearing was held on March 20, 2013.  The issues raised in the state habeas petition were: (1) ineffective assistance

of counsel (several different allegations of ineffectiveness)[1]; (2) invalid plea; (3)

sentence violated the Eighth Amendment prohibition against cruel and unusual

punishment; (4) Cochrun's plea was invalidated by his mental incompetence; (5)

all judges in the Fourth Judicial Circuit should have been recused; (6) South

Dakota's kidnapping statute is unconstitutionally vague; (7) improper factors

considered during sentencing; (8) state actors conspired to terminate Cochrun's

parental rights; (9) entrapment; (10); random Latin phrases having no particular

meaning; (11) human rights violations; (12) Speedy Trial Act.

The state circuit court, the Honorable John Bastian, denied Cochrun's state

habeas on March 24, 2014.  On April 3, 2014 Cochrun filed a motion for certificate

of probable cause.  The state circuit court denied the motion on April 7, 2014.

Cochrun appealed the circuit court's denial of his state habeas.  On June 12,

2014, the South Dakota Supreme Court summarily affirmed the circuit court's

denial of Cochrun's request for state habeas corpus relief.  Cochrun v. Weber,

(Appeal No. 27061).

**D.    Federal § 2254 Habeas Corpus Petition**

Cochrun timely filed this federal habeas corpus action pursuant to 28

U.S.C. § 2254.  The issues Cochrun raises in this federal action are: (1) actual

innocence—factual innocence; (2) abuse of process and judicial corruption by

---

[1] Cochrun's appointed counsel briefed the ineffective assistance issue, but filed a Korth brief regarding the remaining issues cited by Cochrun.  State v. Korth, 650 N.W.2d 528 (S.D. 2002).  In South Dakota, a Korth Brief provides "an alternative briefing  procedure for criminal appeals where court appointed counsel identifies no 'arguably meritorious' issues for appeal.  The procedure requires bifurcated briefing in which counsel indicates in Section A of the brief that he has not identified any arguably meritorious issues for appeal and submits, in Section B of the brief, any claim of error requested by the client."  People ex rel. South Dakota Dept. of Social Services, 678 N.W.2d 594, 597 (S.D. 2004).

third-party defendant, private citizen benefactors; (3) violation of substantive due process, sham prosecution, malicious prosecution, denial of free exercise of familial association; and (4) abuse of process by third-party defendant private citizen benefactors and adverse party and fraud upon the court extrinsic.

## DISCUSSION

### A.    Principles Generally Applicable to § 2254 Applications

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The federal courts are constrained, however by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405-06, (2000).

A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411, 120 S.C. at 1495.  "Rather, that

7

application must also be *unreasonable*." Id. (emphasis added).  The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met.  Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e).  A federal habeas court "may not simply disagree with the state court's factual determinations.   Instead it must conclude that the state court's findings lacked even fair support in the record."  Marshall v. Lonberger, 459 U.S. 422, 432, (1983).

As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995)(quoting, Rose v. Lundy, 455 U.S. 509, 515, (1982)).  "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  Dixon v.  Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (citation omitted).

The federal courts' review of a state court's decisions is limited in another way: "the law of this circuit requires that an applicant for a writ of habeas corpus refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent

constitutional issue in state court" before it will evaluate a claim.  Ford v. Norris, 364 F.3d 916, 919 (8th Cir. 2004) (citations omitted, punctuation altered).  A petitioner's failure to exhaust  in the state courts  a claim which does not state a federal constitutional claim, cognizable in federal habeas proceedings,  does  "not deprive a federal district court of the right to entertain other exhausted claims which do have their roots under the federal constitution." Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986) (citations omitted).  See also Hall v. Iowa, 705 F.2d 283, 286 (8th Cir. 1983) ("Nonexhausted state claims included in a federal habeas petition  and having no constitutional relevance should not deprive a federal district court of the right to entertain other exhausted claims which do have their roots under the federal Constitution.").

Finally, when it is obvious a federal habeas petitioner's  unexhausted claims would be procedurally barred in state court due to a state-law procedural default, a district court may forego needless 'judicial ping-pong' and treat those claims now barred by state law as providing no basis for federal habeas relief.  The unexhausted claims should be treated as if procedurally defaulted.  A petition should be denied with prejudice if there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted.  Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007).

South Dakota law provides that a habeas petitioner must raise all potential grounds for habeas relief in his first state habeas petition.  SDCL § 21-27-16.1 provides:

> **21-27-16.1  Waiver of grounds for relief not raised in application.**
>
> All grounds for relief available to petitioner under this chapter shall be raised in his original, supplemental or amended application.  Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds ground for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

Procedural default of a claim under state law constitutes an adequate and independent state law ground that precludes federal review unless the prisoner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Owen v. Weber, 2010 WL 4117147 (D.S.D.)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Claims which have not been raised in either petitioner's direct appeal or state habeas application are procedurally barred.   Whitepipe v .Weber, 536 F. Supp. 2d 1070, 1100 (D.S.D. 2007).   "This procedural bar provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Welch v. Lund, 616 F.3d 756, 760 (8th Cir. 2010) (citation omitted, punctuation altered).   These general principles of

law are applied in more detail to the grounds raised in Cochrun's § 2254 habeas corpus petition.

**B.      Preliminary Matters**

Cochrun has filed several motions.  Those which should be addressed before considering the merits of his petition are discussed below.

**1.  Motion for In Forma Pauperis Status (Docket 3)**

The Court has reviewed Cochrun's motion for *in forma pauperis* status (Docket 3).  A review of Cochrun's Prisoner Trust Account Report (Docket 4) reveals his current account balance is negative $245.78 and his average six month balance is negative $211.07.  Cochrun's motion for *in forma pauperis* status will be GRANTED.

**2.  Motions for Appointment of Counsel (Dockets 6 & 7)**

Cochrun has filed two motions for appointment of counsel (Dockets 6 and 7).  This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**
(2)    Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
**
(B) is seeking relief under section 2241, 2254, or 2255 of title 28

**Rule 6(a):**
If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8(c):**
If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . .  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is warranted for the reasons explained in paragraph 6 below.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Cochrun's habeas claims are straightforward and not legally nor factually complex.  Cochrun has demonstrated his ability to present them in his *pro se*

12

petition.   For these reasons, Cochrun's motions for appointment of counsel (Docket 6 & 7) will be DENIED.

### 3. Motion to Consolidate Cases (Docket 16)

Cochrun moves to consolidate this pending § 2254 motion for habeas corpus relief with Civ. No. 13-4092, <u>Cochrun v. Chipowsky</u> (United States District Court, District of South Dakota, Western Division), Civ. No. 13-4065, <u>Dean Cochrun, Next Friend of Larry Dean Cochrun v. Dooley</u>, United States District Court, District of South Dakota, Southern Division, and Civ. No. 13-4106, <u>Larry Cochrun v. Dooley</u>, United States District Court, District of South Dakota, Southern  Division.

With the exception of the last referenced civil action (which is petitioner's father's § 2254 case), all of the matters which Cochrun wishes to consolidate with his pending § 2254 are briefly summarized in the FACTUAL AND PROCEDURAL HISTORY section above.  All (including Larry Cochrun's § 2254 case) have been dismissed and the dismissals have been affirmed by the Eighth Circuit Court of Appeals.  The motion to consolidate will therefore be DENIED.

### 4. Motion for Discovery (Docket 17)

Cochrun moves for discovery in Docket 17.  Discovery in the context of a § 2254 petition is the subject of Rule 6 of the Rules Governing Section 2254 cases in the United States District Courts.  That rule provides:

**Rule 6. Discovery**
(a) Leave of Court Required.  A judge may, for good cause,
    authorize a party to conduct discovery under the Federal Rules
    of Civil Procedure and may limit the extent of discovery.  If
    necessary for effective discovery, the judge may appoint an

13

>   attorney for a petitioner who qualifies to have counsel appointed
>   under 18 U.S.C. § 3006A.
>   (b) Requesting Discovery.  A party requesting discovery must
>   provide reasons for the request.  The request must also include
>   any proposed interrogatories and requests for admission, and
>   must specify any requested documents.
>   (c) Deposition expenses.  If the respondent is granted leave to take
>   a deposition, the judge may require the respondent to pay the
>   travel expenses, subsistence expenses, and fees of the
>   petitioner's attorney to attend the deposition.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004)(citing Bracy v. Gramly, 520 U.S. 899, 904 (1997)).  The Newton Court explained that "[u]nder Bracy, a habeas court must identify the essential elements of the petitioner's substantive claim, evaluate whether specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, and, if the petitioner has made such allegations, provide the necessary facilities and procedures for an adequate inquiry." Newton, 354 F.3d at 783 (citations omitted, internal punctuation altered).

In his motion, Cochrun requests five categories of information:  (1) recordings of telephone calls between Cochrun and TC (placed by Cochrun from the SDSP) which would purportedly prove that Cochrun's parental rights should not have been terminated; (2) TC's counseling records; (3) records from the New Jersey DCF pertaining to Cochrun's wife Jamie and whether she was abused by her parents, the Chipowskys; (4) an "in camera review" of all abuse and neglect records from the South Dakota DSS regarding Cochrun, GC and

14

TC; and (5) all records and transcripts from <u>Dean Allen Cochrun v. Robin Chipowsky</u>, Temporary Protective Order, File No. 03-108 in Mead County, South Dakota.

The information Cochrun requests in his motion for discovery is not relevant to his kidnapping conviction.  Instead, all five categories of information he seeks pertain to the termination of his parental rights as to TC and/or the guardianship matter regarding Cochrun's stepchild (GC).  For the reasons more fully explained in Section C below, those issues have no bearing on Cochrun's kidnapping conviction and are not cognizable in federal court.  For these reasons, Cochrun has not made the required showing under Rule 6 to conduct discovery in a habeas corpus proceeding.  Cochrun's motion for discovery (Docket 17), therefore, will be DENIED.

## 5. Motion to Bring in Third-Party Respondent (Docket 20)

Cochrun moves to add his in-laws (the Chipowskys) as third-party respondents to this § 2254 cause of action.   Rule 2 of the Rules Governing Section 2254 Cases states in pertinent part:

> **Rule 2.   The Petition**
> (a) Current Custody; Naming the Respondent**.**  If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
> (b) Future Custody; Naming the Respondents and Specifying the Judgment**.**  If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.  The petition must

> ask for relief from the state-court judgment being
> contested.
>
> ***

The proper respondent, therefore, is the state officer who currently has

custody of Mr. Cochrun (Warden Young), not his in-laws (the Chipowskys).

Mr. Cochrun has already named Warden Young and the South Dakota

Attorney General (Marty Jackley) in his original § 2254 petition (Docket 1).  The

motion to bring in third-party respondents (Docket 20) will be DENIED.

### 6.  Motion for Evidentiary Hearing (Docket 27)

Cochrun moves for an evidentiary hearing (Docket 27).  In his motion

and attachments, Cochrun refers to matters he wishes to address which are

unrelated to his criminal conviction.  Specifically, he refers to the guardianship

proceedings involving his step-son (GC) and the proceedings which culminated

in the termination of Cochrun and his wife Jamie's parental rights as to their

daughter (TC).

28 U.S.C. § 2254(e) describes when the court may allow an evidentiary

hearing in a federal habeas case.  It provides in relevant part:

> **§ 2254(e)(1)** In a proceeding instituted by an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment
> of a State court, a determination of a factual issue made by a state
> court shall be presumed to be correct.  The applicant shall have
> the burden of rebutting the presumption of correctness by clear
> and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a
> claim in State court proceedings, the court shall not hold an
> evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on
> >
> > > (i) a new rule of constitutional law, made
> > > retroactive to cases on collateral review by the
> > > Supreme  Court, that was previously
> > > unavailable; or

16

               (ii) a factual predicate that could not have been
               previously discovered through the exercise of
               due diligence; and
     (B) the facts underlying the claim would be sufficient
     to establish by clear and convincing evidence that but
     for constitutional error, no reasonable fact-finder
     would have found the applicant guilty of the
     underlying offense.

Even if the application of § 2254(e) does not bar the district court from granting an evidentiary hearing, the district court may deny the request "if such hearing would not assist in the resolution of [petitioner's claim.]" Johnson v. Luebbers, 288 F.3d 1048, 1059 (8th Cir. 2002) (citation omitted). A district court's denial of a petitioner's request for an evidentiary hearing is reviewed for an abuse of discretion. Newton v. Kemna, 354 F.3d 776, 785 (8th Cir. 2004). "[T]he district court must hold such a hearing if the petitioner has alleged disputed facts which, if proved, would entitle him to habeas relief." Id. (citation omitted). "In contrast, the court may deny an evidentiary hearing if such hearing would not assist in resolving the petitioner's claim." Id. (citation omitted). For reasons more fully explained in Section C below, the facts pertaining to the guardianship of Cochrun's step-son and the termination of Cochrun's parental rights –though disputed by Cochrun--will not assist him in resolving the merits of this, his federal § 2254 habeas corpus petition regarding his 2011 kidnapping conviction. For these reasons, Cochrun's motion for evidentiary hearing, Docket 27, will be DENIED.

17

### 7.  Motion to Amend (Docket 28)

Cochrun filed a motion to amend (Docket 28) in which he again asserted
he is actually and factually innocent.  He reasserted as the basis for this claim
that the state court decisions which terminated his parental rights to TC, and
which appointed the Chipowskys as guardians of GC are "null and void."  <u>See</u>
Docket 28, p.1.  Cochrun also attached his own affidavit, which repeated his
opinion that because the state court custody and guardianship decisions are
void, he is innocent of the kidnapping conviction.  Also attached is a pleading
from the United States Court of Claims, where it appears Cochrun attempted to
pursue his grievances against the South Dakota Courts and/or the
Chipowskys via a lawsuit against the United States.

The motion and its attachments, though they do nothing to further any
legitimate  § 2254 claims, have been considered in determining the merits of
Cochrun's petition.  The motion to amend will be GRANTED.

### C.    Cochrun's Claims for Relief.

Because all four of Cochrun's claims are subject to dismissal for the
same reason, they are first articulated, then discussed together.

### 1.  First Claim for Relief:  Actual Innocence-Factual Innocence.

In this section of his petition, Cochrun asserted "I maintained my
innocence at sentencing—see transcripts."   In the "supporting facts" section of
this claim, Cochrun explained he could not have committed the crime of
kidnapping because the court orders which terminated his parental rights to

18

TC and which placed guardianship of his step-son with the Chipowskys were "null and void."[2]

### 2. Second Claim for Relief:  Abuse of Process and Judicial Corruption by Third-Party Defendant, Private Citizen Benefactors.

In this section of his petition, Cochrun asserted the Chipowskys wrongfully obtained guardianship of his step-son (GC) and that when Cochrun and his wife Jamie tried to regain custody, the Chipowskys "retaliated" by "corrupting" the system to also obtain custody of his daughter (TC).

### 3. Third Claim for Relief:  Violation of Substantive Due Process, Sham Prosecution, Malicious Prosecution, Denial of Free Exercise of Familial Association.

In this section of the petition, Cochrun alleged the state "created their own facts" to present to the court and that the judge was "improperly influenced."  He also asserted his attorney "refused to prosecute an appeal . . . then they used this as a basis to charge me with a crime[3] and they benefitted from their ways, locking us away and covering it all up."

---

[2] Down the side of each page of Cochrun's § 2254 petition Cochrun wrote the following phrase "I am claiming a right to custody of [TC] and I am invoking my parental rights and her rights."

[3] From this phrase, it appears Cochrun's Third Claim for Relief again refers to the un-appealed case (State of South Dakota ex rel. TC v. Jamie and Dean Cochrun, Juv. 08-97, Fourth Judicial Circuit, Lawrence County, South Dakota) in which Cochrun's parental rights to his daughter (TC) were terminated.

19

### 4. Fourth Claim for Relief:  Abuse of Process by Third Party Defendant Private Citizen Benefactors and Adverse Party and Fraud Upon the Court Extrinsic.

In this section of the petition, Cochrun alleged the Chipowskys "used the system for their own benefit to gain custody of children that they had no constitutionally recognized right to." Cochrun referred to the guardianship proceedings for his step-son (GC) and alleged the Chipowskys improperly influenced state actors and conspired to commit fraud on the state courts.

Cochrun attached nineteen exhibits to his petition.  They include his own declarations, copies of state and federal statutes, copies of state court orders, briefs, and transcripts, and miscellaneous correspondence.

### D. Cochrun Fails to State a Claim upon Which Federal Habeas Corpus Relief Pursuant to § 2254 May be Granted.

Respondents have moved pursuant to FED. R. CIV. P. 12(b) to dismiss Cochrun's § 2254 petition for failure to state a claim upon which federal habeas relief may be granted.  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper framework." Id. at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)).

The Respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the plaintiff has failed to state a claim upon which relief can be granted. The United States Supreme Court addressed the standard that district courts are to apply to Rule 12(b)(6) motions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The law predating Twombly and Iqbal held that under Rule 12(b)(6), the court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (emphasis added). However, Conley's "no set of facts" language was overruled in Twombly. Twombly, 550 U.S. at 563. Instead, the Court adopted a standard by which plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face." Id. at 570 (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court also imposed a "plausibility standard,"

21

holding that a claim "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim.  Id. at 556.  The plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" from Twombly and Iqbal.  Iqbal, 556 U.S. at 678.  First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged-but has not "show[n]"-that he is entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be

22

supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  It is through the lens of Twombly and Iqbal that the court examines Cochrun's petition and supporting documentation and the Respondents' motion to dismiss.

**1. All of the Grounds for Relief Articulated by Cochrun are Grounded on the Premise That the Parental Rights and/or Child Custody Determinations Made by the South Dakota State Courts Were Erroneous and/or Unlawful.**

The most basic premise of a petition for habeas corpus pursuant to § 2254 is that the "district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Cochrun asserts he is in custody as a result of what he perceives to be many erroneous collateral decisions by the South Dakota civil courts, but he has not articulated a constitutional infirmity associated with his underlying criminal conviction.

Cochrun's first claim for relief—that he is actually and factually innocent—is premised on the same theme that permeates most of his federal court filings.  These filings are summarized in the FACTUAL AND PROCEDURAL HISTORY section above.  Namely, Cochrun has repeatedly claimed he cannot be

23

guilty of the crime for which he has been convicted (the first degree kidnapping of TC) because "by law and by right [he] still [has his] absolute parental rights . . . ." See Docket 1, p. 6.

At the state habeas level, Cochrun asserted his counsel was ineffective for failing to argue Cochrun should have still been considered TC's "parent" and therefore susceptible only to the parental kidnapping charge (a Class 5 felony—punishable by up to ten years in prison) instead of first degree kidnapping—a class C felony punishable by up to life in prison.

Count I of the Indictment charged  Cochrun and his wife Jamie  with first degree Kidnapping in violation of  SDCL § 22-19-1(5) as to TC.  That statute states:

> **22-19-1 Kidnapping—Aggravated kidnapping in the first degree—Class of Felony**
> Any person who, either unlawfully removes another person from the other's place of residence or employment, or who unlawfully removes another person a substantial distance from the vicinity where the other was at the commencement of the removal, or who unlawfully confines another person for a substantial period of time, with any of the following purposes:
> ***
> > (5) To take or entice away a child under the age of fourteen years with intent to detain and conceal such child;
>
> is guilty of kidnapping in the first degree.  Kidnapping in the first degree is a Class C felony, unless the person has inflicted serious bodily injury on the victim, in which case it is aggravated kidnapping in the first degree and is a Class B felony.

Count II of the Indictment charged Cochrun and Jamie with Parental Kidnapping in violation of SDCL § 22-19-9 and 10 as to GC.  Those statutes state:

**22-19-9.    Taking, Enticing away, or keeping  of unmarried minor child by parent—Misdemeanor—Subsequent violation felony**

Any parent who takes, entices away, or keeps his or her unmarried minor child from the custody or visitation of the other parent, or any other person having lawful custody or right of visitation, in violation of a custody or visitation determination entitled to enforcement by the courts of this state, without prior consent is guilty of a Class 1 misdemeanor. Any subsequent violation of this section is a Class 6 felony.

**22-19-10.    Removal of Child from State—Felony**

Any parent who violates § 22-19-9 and causes the unmarried minor child taken, enticed, or kept from the child's lawful custodian, to be removed from the state is guilty of a Class 5 felony.

Cochrun's state habeas claim was rejected by the state habeas court because by the time the incident which formed the basis of his conviction occurred, Cochrun's parental rights had been terminated.  The Final Dispositional Order stated Cochrun retained no post-termination rights or privileges, including post-termination visitation.  See Docket 23-11 p. 17-18. The Final Dispositional Order was not appealed.  Id.  The state habeas court reasoned, therefore, that the charge of kidnapping, instead of parental kidnapping was appropriate as to him and Cochrun's counsel was not ineffective for failing to insist that Cochrun plead only to the parental kidnapping of TC.  Id.

It is not clear whether Cochrun's "actual and factual innocence" claim for relief  in his § 2254 petition is premised upon: (1) his assertion that because the underlying proceedings which terminated his parental rights were (in his opinion) "null and void" he was –as he argued to the state habeas court— erroneously charged with first degree kidnapping instead of parental kidnapping; or (2) whether  Cochrun's intent is to claim he should not have

25

been charged with kidnapping at all—under either statute.    Either way, Cochrun has failed to cite any constitutional defect in the *criminal proceedings which form the basis for his current confinement.*

Instead, Cochrun attacks the validity of the state court guardianship and juvenile proceedings which culminated in the termination of his parental and/or custodial rights to GC and TC, (whether temporary or permanent) and the transfer of those rights to the Chipowskys.  Because Cochrun claims those state civil proceedings were flawed, he asserts his conviction cannot stand.

Cochrun's second, third and fourth claims for relief are all premised on some mutation of his assertion that either (1) his parental rights to TC remain intact because the proceeding which terminated those rights was flawed; or (2) the Chipowskys have wrongfully influenced state officials to affect the outcome of the custodial status of GC and TC.

**2. 28 U.S.C. § 2254 Does Not Confer Jurisdiction on Federal Courts to Consider a Collateral Challenge of a State Court Judgment Addressing Parental Rights or Child Custody.**

In the spaces provided for explaining whether he has properly raised in state court and appealed the grounds he has raised in his federal petition, Cochrun has written phrases such as "I claim a right to custody of my child." See Docket 1, p. 7.  "The children have been seriously hurt by all of this.  TC is my child and I have an absolute right to custody.  She has repeatedly stated that I never abused her, that she was never abused by us. She said her grandparents abused her."  See Docket 1, p. 9.  On the last page of the form, Cochrun explains the relief he is requesting as follows:  "Immediate release of

26

the body of my person, equitable relief in the form of release of my spouse, my child and my step-child, and vacation of Juvenile 08-97, Guardianship 03-30, and Criminal 10-696 and Criminal 10-697 which are null and void with prejudice."  These claims, however, are not cognizable in federal habeas.

"[F]ederal courts have no jurisdiction in habeas corpus to determine parents' rights to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution."  Ex rel Meuller v. Missouri Div. of Family Services, 123 F.3d 1021, 1023 (8th Cir. 1997)(citing Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 512 (1982)).  In Lehman, the United States Supreme Court explained "[a]lthough a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." Lehman, 458 U.S. at 511.  "[E]xtending the federal writ to challenges to state child custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts."  Id. at 512.

Further discussion regarding  the merits (or lack thereof) of Cochrun's claims concerning the custody of Cochrun's daughter and step-son are therefore wholly academic, because pursuant to Lehman, this court has no jurisdiction to rule on any such claims.

**3. Dismissal Pursuant to FED. R. CIV. P. 12(b)(6) is Appropriate Because Cochrun's § 2254 Habeas Petition Does Not Articulate a Cognizable Federal Habeas Claim.**

"Absent a federal constitutional violation, a federal habeas petitioner is not entitled to relief." Williams v. Clarke, 40 F.3d 1529, 1544 (8th Cir. 1994) (citation omitted). As explained above, the grounds for relief articulated by Cochrun assert purely violations of state law related to the collateral state child custody proceedings—not Constitutional violations related to Cochrun's current conviction or confinement. "State law violations, however serious or fundamental, are not grounds for habeas relief." Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990).

This § 2254 habeas application bears no resemblance to Cochrun's state habeas application, but is instead yet another attempt by Cochrun to invoke this court's jurisdiction to review the South Dakota courts' decisions regarding Cochrun's parental rights and the custody of TC and GC. Those questions, however, are purely questions of state law. "It is not the province of a federal court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). For these reasons, Cochrun's § 2254 petition for habeas corpus fails to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6), and it should be dismissed.

**E.    Evidentiary Hearing and Certificate of Appealability**

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

There is no need for an evidentiary hearing in this case because it is clear from the record that Cochrun has not raised a claim cognizable under 28 U.S.C. § 2254.

When the District Court has denied a motion under 28 U.S.C. § 2254, the Petitioner may not appeal without a certificate of appealability.  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings."  <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).  Cochrun has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability should likewise be denied.

## CONCLUSION, RECOMMENDATION and ORDER

For the reasons more fully explained above, it is ORDERED:

(1) Petitioner's Motion for *in forma pauperis* status (Docket 3) is  GRANTED;

(2) Petitioner's Motions for Appointment of Counsel (Docket 6 & 7) are DENIED;

(3) Petitioner's Motion to Consolidate Cases (Docket 16) is DENIED;

(4) Petitioner's Motion for Discovery (Docket 17) is DENIED;

(5) Petitioner's Motion to bring in Third-Party Respondent (Docket 20) is DENIED;

(6) Petitioner's Motion for Evidentiary Hearing (Docket 27) is DENIED.

(7) Petitioner's Motion to Amend (Docket 28) is GRANTED.

Further, for the reasons more fully explained above, it is

RECOMMENDED to the District Court:

(1)     Petitioner's Writ of Habeas Corpus (Docket 1) be DENIED;

(2)     Respondent's Motion to Dismiss the Writ (Docket 22) be GRANTED;

(3)     No Certificate of Appealability be Granted.

(4)     Petitioner's remaining outstanding motions (Dockets 8, 10, 13, 15, 19,  and 26) be DENIED as moot upon adoption of this Report and Recommendation and dismissal of Petitioner's § 2254 petition.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED this 26th day of February, 2015.

BY THE COURT:

_____
Veronica L. Duffy
United States Magistrate Judge