UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DEAN COCHRUN, <br><br> Petitioner, <br><br> vs. <br><br> DARIN YOUNG and MARTY J. JACKLEY, ATTORNEY GENERAL, STATE OF SOUTH DAKOTA; <br><br> Defendants. | 14-5066 <br><br> MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S RULE 60 MOTION |

Pending before the Court is Petitioner, Dean Allen Cochrun's, Motion for Relief from Judgment or Order pursuant to Rule 60(a) and 60(b) of the Federal Rules of Civil Procedure. Doc. 60. For the following reasons, Petitioner's motion is denied.

## BACKGROUND

On October 9, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2015, the Court issued an Order and Judgment denying Petitioner's Application for Writ of Habeas Corpus with prejudice and denying Petitioner a Certificate of Appealability. Docs. 44, 45.

On July 9, 2015, Petitioner filed a notice of appeal with the Eighth Circuit Court of Appeals. Doc. 46. On September 23, 2015, the Eighth Circuit Court of Appeals issued a judgment denying Petitioner a certificate of appealability. Doc. 53.

On January 11, 2017, Petitioner filed a motion for reconsideration asking the Court to reconsider its decision denying Petitioner's request to appoint counsel in his habeas proceeding, and Petitioner's request for an evidentiary hearing, and Petitioner's motion was denied. Docs. 56, 57.

On December 3, 2018, Petitioner filed a motion for relief from judgment pursuant to Rule 60(a) and (b)(1), (2), (3), (4), and (6). Doc. 60. This motion is presently pending before the Court.

## DISCUSSION

1

## I. Rule 60(a) Motion to Correct Alleged Clerical Mistake in the Record

Rule 60(a) permits the correction of errors in judgments, orders, and other parts of the record arising from oversight or omission. Fed. R. Civ. P. 60(b). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997).

The basis of Petitioner's Rule 60 motion is as follows: 1) Petitioner alleges that the Magistrate Judge's Report and Recommendation is incorrect. Petitioner states that it reads "5 felony-punishable by up to *ten* years in prison," and that it should read "5 felony – punishable by up to *five* years in prison."

The Court need not review whether it made a clerical mistake as alleged by Petitioner because the contested language had no bearing upon the Court's denial of Petitioner's § 2254 application. In her report and recommendation, the magistrate judge evaluated Petitioner's "actual and factual innocence" claim which, the magistrate judge found, seemed premised on either 1) Petitioner's assertion that he was erroneously charged "first degree kidnapping—a class C felony punishable by up to life in prison," instead of "parental kidnapping [ ] (a Class 5 felony-punishable by up to ten years in prison);" or on 2) Petitioner's assertion that he should not have been charged with criminal kidnapping under either statute. Doc. 30 at 25-26. The state habeas court had concluded that because Petitioner's parental rights had been terminated before the time of the incident which formed the basis of his conviction, the charge of kidnapping, instead of parental kidnapping, was appropriate to him and that his counsel was not ineffective for failing to insist that Petitioner plead only to the parental kidnapping charge. Doc. 30 at 25.

Regardless of the penalties imposed under first degree kidnapping and parental kidnapping, the report and recommendation stated that Petitioner was in essence attempting to attack the validity of the state court guardianship and juvenile proceedings which he may not do in a habeas corpus proceeding. For this reason, Petitioner's Rule 60(a) motion is denied.

## II. Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

In his motion, Petitioner alleges that he was unconstitutionally denied a right to an evidentiary hearing in his federal habeas proceeding to expand the record in order to support his claim that his counsel in his state habeas proceeding was ineffective. Doc. 60. Additionally, Petitioner alleges that the Court wrongfully denied his request for an appointment of counsel in his federal habeas proceeding. Doc. 60.

**A. Timeliness of Motion**

Before considering the merits of a Rule 60(b) motion, the Court must consider whether the motion was made within a reasonable time. Fed. R. Civ. P. 60(c). "What constitutes a reasonable time is dependent on the particular facts of the case in question." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). On June 3, 2015, the Court issued an Order and Judgment denying Petitioner's § 2254 application and on September 23, 2015, the Eighth Circuit Court of Appeals denied Petitioner a certificate of appealability. Petitioner's Rule 60(b) motion was not filed until December 3, 2018—more than three years after Petitioner received the Eighth Circuit's denial of a certificate of appealability.

The Court concludes that that under the facts of the case, Petitioner's Rule 60(b) motion was not made within a reasonable time as required by Rule 60(c) of the Federal Rules of Civil Procedure given that Petitioner allowed the Court's judgment to stand for more than three years without objection. *See Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (holding a 3-year delay unreasonable); *Kellogg v. Strack*, 269 F.3d 100, 104 (3d Cir. 2001) (holding that a 26-

3

month delay was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); *Watkins*, 169 F.3d at 544 (expressing concern that the 60(b) motion was not made within a reasonable time because it was filed 17 months after entry of default judgment, but noting that the district court did not raise the issue).

**B. Merits of Motion**

Even if the Court was to find that Petitioner's motion was timely, the Court concludes that Petitioner's motion is barred because the Court finds that it is, in essence, a successive habeas petition and Petitioner has not obtained preauthorization from the Eighth Circuit Court of Appeals.

When a motion filed pursuant to § 2254 has been denied and the prisoner files a Rule 60(b) motion, the district court must first determine whether the Rule 60(b) motion in fact amounts to a second or successive collateral attack under § 2254. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). If the Rule 60(b) motion is actually a second or successive collateral attack, the district court must dismiss the motion for failure to obtain authorization from the court of appeals or, in its discretion, transfer the motion to the court of appeals. *Id.*

A Rule 60(b) motion is a second or successive habeas petition if it advances a "claim" which is defined as a "federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). In Gonzalez, the Supreme Court explained that motions that "seek[] to add a new ground for relief" or "attack[] the federal court's previous resolution of a claim on the merits" raise "claims" and should be deemed successive habeas petitions. *Id.* at 532. However, "when a Rule 60(b) motion attacks, not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it does not raise a "claim" and should not be deemed a successive habeas petition. *Id.*

**a. Ineffective Assistance of State Habeas Counsel Claim**

Petitioner alleges that he was unconstitutionally denied a right to an evidentiary hearing in his federal habeas proceeding to expand the record in order to support his claim that his counsel in his state habeas proceeding was ineffective. Doc. 60. Specifically, Petitioner alleges that his state habeas counsel did not subpoena certain transcripts, documents, and photographic, audio, and video evidence; did not provide Petitioner with copies of such evidence nor play the audio or video files. Doc. 60.

4

The Court concludes that Petitioner's claim alleging that his state habeas counsel provided ineffective assistance is "a new claim for relief" that was not raised in his original § 2254 proceeding. Doc. 30 at 6 (report and recommendation listing the issues raised by Petitioner in his 2254 proceeding); Doc. 1 (petitioner's § 2254 application). Examining Petitioner's application, the Court finds that in paragraph 16, Petitioner did, as requested, detail the name and address of each attorney who represented him in the stages of the state court judgment. Doc. 1. Here, Petitioner made a reference to Rena Hymens, his counsel of record in the state habeas proceeding, saying that she "sabotaged [his] writ of habeas corpus," but nowhere in his application did Petitioner state that this was the basis for any relief he was requesting under § 2254, nor did he state, as he does in his Rule 60(b) motion that counsel failed to subpoena any evidence.

Because Petitioner essentially seeks to add a new ground for relief that was not raised in his § 2254 proceedings, the Court must treat this claim as a successive § 2254 claim.

### b. Denying Petitioner's Motion to Appoint Counsel in § 2254 Proceeding

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). This Court adopted the Report and Recommendation filed by the magistrate judge in this case. Doc. 44. The denial of Petitioner's request for an evidentiary hearing in this matter was the result of its determination *on the merits* that Petitioner's original § 2254 motion, the files, and the record, conclusively showed that he was entitled to no relief. *See Robles-Garcia v. United States*, Civ. No. 13-4031, 2014 WL 3534016, at *1 (N.D. Iowa July, 16, 2004); *see also United States v. Livingstone*, 2014 WL 5106737, at *4-6 (D. Minn. Oct. 10, 2014) (stating that a Rule 60(b) motion challenging the district court's decision declining to hold an evidentiary hearing prior to denying a § 2255 petition constituted a second or successive petition); *Blackwell v. United States*, Civ. No. 99-1687, 2009 WL 3334895, at *5 (E.D. Mo. Oct. 14, 2009) (holding that movant's Rule 60(b) claim that the court did not conduct an evidentiary hearing in a federal habeas proceeding was a successive § 2255 petition because it lead inextricably to a merits-based attack on the disposition of a prior habeas petition).

For this reason, the Court must treat Petitioner's claim as a successive § 2254 claim.

Accordingly, it is hereby ORDERED that:

1) Petitioner's Motion for Relief from Judgment or Order pursuant to Rule 60(a), Doc. 60, is DENIED; and

2) Petitioner' Motion for Relief from Judgment or Order pursuant to Rule 60(b), Doc. 60, is DISMISSED for failure to obtain preauthorization from the Eighth Circuit Court of Appeals.

Dated this 6th day of September, 2019.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

/s/ Matthew Thielen